IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM MUHAMMAD,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-3372** |
| | : | |
| **CYNTHIA FIGUREROA,** *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                            **JANUARY 7, 2022**

Plaintiff Kareem Muhammad brings this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, together with several related state law claims. (ECF No. 1.) Muhammad has previously been granted leave to proceed *in forma pauperis*. (*See* ECF No. 5.) For the following reasons, the Court will dismiss his federal claim with prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) and will dismiss his state law claims without prejudice for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS**[1]

Muhammad names the following individuals in the caption of his Complaint: (1) Cynthia Figureroa, (2) Latoya Carr-Hermitt, (3) Charlene Samuels, (4) Chun Hon Lau, (5) Katherine Pachulski, (6) Beth Whitehead, (7) Carla Gardner, (8) Viktoria Kristiansson, (9) J. Michele Fanning, (10) Diane Thompson, (11) Mia B. Hyman, (12) Kathleen Grum, (13) Beth Oswald, (14) Margaret Theresa Murphy, (15) Michele Jackson, (16) Nasriyn Muhammad, (17) Kara Templeton. (ECF No. 1 at 1.) He alleges that they are "public officials" and brings claims

---

[1] The allegations set forth in this Memorandum are taken from Muhammad's Complaint. The Court adopts the pagination assigned by the CM/ECF docketing system.

against them in their individual capacities, but does not specifically identify what role most of them played in the events he describes as causing him injury. (*Id.* at 2, ¶ 1.) Muhammad alleges the following:

> 7. The Defendants named in the instant matter are responsible for various misrepresentations of material fact relating to a domestic matter which had a critical impact on family court and custody proceedings that took place shortly afterwards. The misrepresentations complained of consist of a report of "no finding of abuse" pertaining to a minor child belonging to the Plaintiff in 2019 despite clear tell signs of abuse, thereby giving rise to the misrepresentations complained of in the instant complaint.
>
> 8. It was known or should have been known by the parties, depending on their role in the matter, that the representation was false and it is on the basis of this gross negligence in the representation of the matter that the Plaintiff brings suit against each of the individual entities named in the instant matter in their individual capacity.

(*Id.* at 2-3, ¶¶ 7, 8.) Muhammad further alleges that the "knowledge and reckless disregard for the truth . . . engaged in jointly by each of the individuals in the instant matter constitutes the underlying causes of action in the instant matter." (*Id.* at 3, ¶ 10.) He reiterates that "[t]he negligent/false representation complained of" give rise to his claims. (*Id.* at 3, ¶ 11.)

Attached to the Complaint are several Exhibits including a letter dated October 16, 2019 addressed to Muhammad from Defendants Chun Hon Lau, identified as a "DHS Worker," and Latoya Carr-Hermitt, identified as a "DHS Supervisor," stating:

> As you know, I have been conducting an assessment regarding whether your family is in need of general protective services pursuant to a report we received at the Philadelphia Department of Human Services. This letter to [sic] advise you that my assessment has not found substantial evidence that your family is in need of general protective services as defined by the Child Protective Service Law and Regulation in need [sic] of Commonwealth of Pennsylvania. We are therefore closing the case on your family.

(*Id.* at 9.) The letterhead also identifies Cynthia Figueroa as the Commissioner of the Department of Human Services. (*Id.*)

Also identified as Exhibit A is what appears to be a copy of an email from Muhammad to Defendant Chun Hun Lau dated April 3, 2019 with a subject line "Video Sulaiman talks about dinosaur more." (*Id.* at 10.)  The email appears intended to forward 3 attachments. (*Id.*)  Exhibit B appears to be a screenshot of a text message transmitting a video and a portion of what appears to be a transcript of custody proceedings. (*Id.* at 11.)

Exhibit C includes what appears to be a completed Philadelphia Police Department Domestic Violence Report dated January 7, 2020.  Muhammad appears to be identified as the offender. (*Id.* at 13-14.)  The identity of the complainant is redacted. (*Id.*)  The description of the incident is as follows: "Police resp to abv loc.  Upon arrival, abv compl stated she's been having an ongoing dispute with the abv offender over custody of their children.  Offender not on location.  PFA advised." (*Id.* at 14.)  Exhibit C also includes what appears to be a completed Philadelphia Police Department Complaint or Incident Report dated February 23, 2020.  Defendant Nasriyn Muhammad is identified as the offender; Muhammad is identified as the complainant. (*Id.* at 15.)  The description of the incident is as follows: "Meet Complainant.  Abu compl came into the 39th Dist. HQ + showed Police PFA Order # 2002V7114 that the below B/F [Nasriyn Muhammad] petitioned  + rec'd from the court based on Domestic DC  2020-39-9585.  Police checked original report + the information conflicts between the domestic report + the sworn PFA Statement." (*Id.*)

Exhibit D appears to be a screenshot of an unidentified male. (*Id.* at 16.)  Exhibit E includes what appears to be a legal text with the following language circled: "Courts must not use arrest warrants or license suspensions as a means of coercing the payment of court debt when individuals have not been afforded constitutionally adequate procedural protection." (*Id.* at 17.)  Exhibit E also includes a page from a letter dated May 4, 2021 addressed to Muhammad from the

Commonwealth of Pennsylvania, Department of Transportation advising that his driver's license has been suspended pending fulfillment of his Domestic Relations obligations.  (*Id.*)

Based on the foregoing, Muhammad asserts a Fourteenth Amendment due process claim and state law claims for negligent misrepresentation, innocent misrepresentation, and fraudulent misrepresentation.  He seeks recovery of compensatory and punitive damages and injunctive relief consisting of "Ordering the Defendants to correct the misrepresentations complained of."  (*Id.* at 8.)

## II.     STANDARD OF REVIEW

Muhammad has been granted leave to proceed *in forma pauperis*.  (*See* ECF No. 5.)  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Muhammad is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Muhammad's § 1983 claims must be dismissed.

### A.   Section 1983 Claim Based on Negligence

Liberally construed, the Complaint alleges that at some time in 2019, the named Defendants negligently misrepresented that Muhammad's minor child was not being subjected to abuse. (*See* ECF No. 1 at 2-3, 7, 8 and Exhibit A, *Id.* at 9.) The misrepresentations are alleged to have impacted subsequent family court and custody proceedings. These proceedings are not described, and the Complaint does not describe the outcome. Moreover, the Complaint does not allege which Defendants[2] made misrepresentations, when they were made, to whom the misrepresentations were made, or in what context. However, Muhammad contends that the impact on the proceedings resulting from the negligent misrepresentations of the named Defendants amounted to a deprivation of his Fourteenth Amendment due process rights. Even assuming that the conduct described was undertaken by an individual acting under color of state law, Muhammad has not stated a plausible § 1983 claim. The United States Supreme Court has held that § 1983 claims may not be predicated on a state actor's mere negligence. *See Canton v. Harris,* 489 U.S. 378, 387 (1989) (holding that mere negligence in training cannot form basis of § 1983 liability); *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or

---

[2] Muhammad does not allege the job titles of these Defendants or the role they played in the alleged transmission of misrepresentations. However, the Court notes that child welfare workers and attorneys who prosecute dependency proceedings are entitled to absolute immunity from § 1983 claims. *See B.S. v. Somerset Cnty.*, 704 F.3d 250, 262-65 (3d Cir. 2013) (recognizing that "in *Ernst v. Child & Youth Services of Chester County*, . . . we joined several of our sister circuits in deeming 'child welfare workers and attorneys who prosecute dependency proceedings on behalf of the state ... absolute[ly] immun[e] from suit for all of their actions in preparing for and prosecuting such dependency proceedings'") (citing *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 488-89 (3d Cir. 1997)). To the extent any of these Defendants holds such a position, they are immune. Additionally, it appears based on the Exhibits to the Complaint that Defendant Nasriyn Muhammad is Muhammad's co-parent. It does not appear that she is a state actor and therefore is not a proper defendant in a § 1983 action. *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011).

property"). Because Muhammad bases his claim upon the alleged negligence of the named Defendants, his § 1983 claim is not plausible and will be dismissed with prejudice.

### B. Section 1983 Claim Barred by *Rooker-Feldman* Doctrine

The Court understands Muhammad to be raising claims based on the underlying state family court proceedings. However, to the extent that he is, the claim is not reviewable by this Court under the *Rooker-Feldman* doctrine, which bars federal district courts from reviewing final decisions of a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). *See also Malhan v.Sec. v. U.S. Dep't. of State*, 938 F.3d 453, 458 (3d Cir. 2019) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating that the *Rooker-Feldman* doctrine is confined "to cases of the kind from which it acquired its name: [1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commence and [4] inviting district court review and rejection of those judgments.")) In the context of final judgments made by state courts regarding child custody and termination of parental rights, the *Rooker–Feldman* doctrine bars claims for relief that ask the court to "vacat[e] the decisions of the Pennsylvania Superior Court regarding [plaintiff's] parental rights [because] it would require

the Court to reverse the state court judgment[.]" *See Muhammad v. Cappellini*, Civ. A. No. 10-CV-2374, 2011 WL 3034393, at *3 (M.D. Pa. July 25, 2011). This is an additional reason Muhammad's §1983 claim must be dismissed.

  **C.**  **Muhammad's State Law Claims**

Because the Court has dismissed his federal claim, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any of Muhammad's state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Muhammad does not allege the citizenship of the parties. Rather, he provides only a Pennsylvania address for himself and no addresses for any of the named Defendants.

Accordingly, Muhammad has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue. Therefore, they will be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Muhammad's § 1983 claim with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) and will dismiss his state law claims without prejudice for lack of subject matter jurisdiction. Muhammad will not be granted leave to file an amended complaint because to do so would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**